IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br>v.<br><br>(1) WORLDWIDE PRINTING AND DISTRIBUTION, INC. d/b/a RESOURCEONE,<br><br>      Defendant. | CIV-23-419-MTS<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title II of the Genetic Information Non-Discrimination Act of 2008, Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on genetic information, national origin or perceived national origin, and race or perceived race; and to provide appropriate relief to Angela Navarro-Alcorn. As alleged with greater particularity in below, the U.S. Equal Employment Opportunity Commission alleges that the Defendant, Worldwide Printing and Distribution, Inc. d/b/a ResourceOne, subjected Navarro-Alcorn to an unlawful hostile work environment and constructively discharged her.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and Section 207(a) of the Genetic Information Non-Discrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000ff-6(a), which incorporates by reference Title VII, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Oklahoma.

## **PARTIES**

4. Plaintiff, the Equal Employment Opportunity Commission ("Plaintiff" or "the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title II of the GINA and Title VII, and is expressly authorized to bring this action by Section 207(a) of the GINA, 42 U.S.C. § 2000ff-6(a), and Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

5. At all relevant times, Defendant Worldwide Printing and Distribution, Inc. d/b/a ResourceOne ("Defendant" or "ResourceOne"), has continuously been doing business in the State of Oklahoma and the City of Tulsa, Oklahoma, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 201(2)(B)(i) of the GINA,

42 U.S.C.§ 2000ff(2)(B)(i) and Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Angela Navarro-Alcorn filed a charge of discrimination with the Commission (Charge No. 564-2022-02116) alleging violations of the GINA and Title VII.

8. On August 8, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the GINA and Title VII were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 18, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Angela Navarro-Alcorn is a mixed-race woman who worked as a mail

sorter for Defendant in Tulsa, Oklahoma, from approximately May 19, 2022, until her constructive discharge on or about August 19, 2022.

14. Navarro-Alcorn reported to Mor Lee, the Shift C Mailshop Supervisor, and Lee reported to Brett Jones, the Shift C Production Manager.

15. Navarro-Alcorn performed her job duties satisfactorily throughout her employment.

16. As a supervisor, Lee assigned job duties and workstations to her subordinates, determined which employees would receive less favorable job assignments, directed overtime and scheduling, authorized when employees could leave work, influenced personnel decisions, and was responsible for recommending hiring and termination decisions to Jones.

17. Navarro-Alcorn interacted with Lee almost every shift she worked.

18. Jones also had some responsibility for scheduling shifts, but Jones rarely interacted with line employees.

19. On or about August 2, 2022, Lee approached Navarro-Alcorn and saw Navarro-Alcorn looking at at-home DNA kit test results on her phone.

20. Navarro-Alcorn showed Lee the results, which revealed that Navarro-Alcorn had several lines of ancestry, including a small percentage allegedly from Cameroon, the Congo, and Northern Africa.

21. After seeing the results, Lee laughed and started calling Navarro-Alcorn "ape" and "Congo" because of Lee's perception of Navarro-Alcorn's African ancestry.

22.   Navarro-Alcorn asked Lee to stop, but she did not.

23.   Instead, Lee began calling Navarro-Alcorn those names every time they worked together and made other comments such as stating that Navarro-Alcorn "swings through the trees," that she was an "Ape Princess," and asking who Navarro-Alcorn was going to pick as her "King," saying there were "plenty to choose from" among her fellow employees.

24.   One time when Lee made one of these comments in front of another employee, the employee warned Lee not to make comments like that in front of Black employees, but Lee still did not stop.

25.   On another occasion, as employees were going to lunch, Lee asked Navarro-Alcorn if she wanted some greens, which Navarro-Alcorn took as another snide reference to Lee's perception that Navarro-Alcorn had African ancestry.

26.   Navarro-Alcorn was emotionally distraught by Lee's comments. She found them insulting, hurtful, ignorant, abusive, humiliating, shameful, and racist. She did not view Lee's comments as a joke, did not welcome them, and was offended by them.

27.   Navarro-Alcorn repeatedly asked Lee to stop calling her names and told her it was wrong, but Lee's harassment continued.

28.   On at least two occasions, Lee harassed Navarro-Alcorn in front of Jones, and Navarro-Alcorn told Lee – in front of Jones – to stop calling her names.

29.   Jones did not tell Lee to stop calling Navarro-Alcorn names.

30.   Navarro-Alcorn also complained directly to Jones that Lee would not

stop calling her "ape" or "Congo." Jones responded by asking which name Navarro-Alcorn preferred to be called, ignoring Navarro-Alcorn's request for help and contributing to the harassment.

31.     In addition to Lee making the harassing comments, Lee began assigning Navarro-Alcorn less favorable job duties, including work as a sorter rather than the preferred duties as an operator and to faster machines rather than the preferred slower machines.

32.     Unable to tolerate Lee's non-stop harassment and verbal abuse any longer, Navarro-Alcorn was constructively discharged on or about August 19, 2022.

33.     Following Navarro-Alcorn's forced resignation, Lee obtained Navarro-Alcorn's phone number from someone at work and sent her a text message calling her "Congo."

## STATEMENT OF CLAIMS

### COUNT I

### (GINA / Title VII – Harassment)

34.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint into this Count.

35.     ResourceOne subjected Navarro-Alcorn to harassment based on her genetic information, race or perceived race, and national origin or perceived national origin in violation of the GINA, 42 U.S.C. § 2000ff-1(a), and Title VII, 42 U.S.C. 2000e-2(a)(1).

36. The unlawful employment practices described above deprived Navarro-Alcorn of equal employment opportunities and otherwise adversely affected her employment because of her genetic information, race or perceived race, and national origin or perceived national origin.

37. ResourceOne's unlawful employment practices were intentional.

38. ResourceOne's unlawful employment practices were done with malice or with reckless indifference to the federally protected rights of Navarro-Alcorn.

39. As a direct and proximate result of ResourceOne's unlawful conduct, Navarro-Alcorn has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## COUNT II

### (GINA / Title VII – Constructive Discharge)

40. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint into this Count.

41. ResourceOne constructively discharged Navarro-Alcorn in violation of the GINA, 42 U.S.C. § 2000ff-1(a), and Title VII, 42 U.S.C. 2000e-2(a)(1), as a reasonable person in her position would have felt compelled to resign as a result of the harassment based on her genetic information, race or perceived race, and national origin or perceived national origin.

42. The unlawful employment practices described above deprived Navarro-Alcorn of equal employment opportunities and otherwise adversely affected her

employment because of her genetic information, race or perceived race, and national origin or perceived national origin.

43. ResourceOne's unlawful employment practices were intentional.

44. ResourceOne's unlawful employment practices were done with malice or with reckless indifference to the federally protected rights of Navarro-Alcorn.

45. As a direct and proximate result of ResourceOne's unlawful conduct, Navarro-Alcorn has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that ResourceOne unlawfully discriminated against Navarro-Alcorn because of her genetic information, race or perceived race, and national origin or perceived national origin, in violation of the GINA, 42 U.S.C. § 2000ff-1(a), and Title VII, 42 U.S.C. 2000e-2(a)(1), thus entitling her to damages.

B. Grant a permanent injunction enjoining ResourceOne, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any individual and/or subjecting them to a hostile work environment because of their genetic information, race or perceived race, or national origin or perceived national origin.

C. Order ResourceOne to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals regardless of their genetic information, race or perceived race, or national origin or perceived national origins and which eradicate the effects of its past and present unlawful employment practices.

D. Order ResourceOne to make whole Navarro-Alcorn by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to awarding front pay to Navarro-Alcorn.

E. Order ResourceOne to make whole Navarro-Alcorn by providing compensation for past and future pecuniary and nonpecuniary losses resulting from the unlawful practices complained of above, including emotional distress damages, in amounts to be determined at trial.

F. Order ResourceOne to pay punitive damages to Navarro-Alcorn for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

CHRISTOPHER LAGE
Deputy General Counsel

LISA MORELLI
Acting Associate General Counsel

ANDREA G. BARAN
Regional Attorney

LAUREN W. JOHNSTON
Assistant Regional Attorney

s/ Joshua C. Stockton
JOSHUA C. STOCKTON,
OBA # 21833
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 666-0387 (Phone)
joshua.stockton@eeoc.gov (e-mail)

**ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**